# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT THE JUNE TERM, 1871.

―――――― ‹•••› ――――――

## ROBINSON vs. THE STATE.

### [INDICTMENT FOR MURDER.]

1. *Indictment and list of jurors; when judgment will not be reversed for failure to show service of copy of, on defendant.*—The judgment and sentence in a capital case will not be reversed because the record and proceedings do not show that the defendant was served with a copy of the indictment and a list of the jurors summoned for his trial, including the regular jury, at least one entire day before the day appointed for his trial, unless it appears from the record that the defendant was in actual confinement.

2. *Accused, duty of; as to errors relied on to reverse judgment below.*—Although under our statutes no assignment of error is necessary in a criminal case; nevertheless, the accused should, in some proper manner, bring to the notice of the court the matters relied on to reverse the judgment below.

APPEAL from City Court of Mobile.
Tried before Hon. C. F. MOULTON.

This appeal was taken on the record from a conviction of murder in the second degree in the lower court. No counsel appears for appellant, and no errors are assigned. The opinion states the points on which the case turns.

PECK, C. J.—The appellant was indicted in the city court of Mobile for murder.

She was tried and convicted of murder in the second

degree, and sentenced to be confined in the penitentiary for ten years.

She appeals to this court to have the proceedings and sentence of the said city court reviewed.

No brief or memorandum has been furnished to this court, pointing out or calling our attention to any particular error in the record.

In such a case, no assignment of errors is necessary. It is made the duty of this court to examine the record, and render such judgment on the record as the law demands. Revised Code, § 4314.

We think, however, the accused should furnish the court with a brief, or in some way call the attention of the court to the supposed error or errors in the record. It would save us much trouble, in otherwise having to examine the record, without any aid, to see whether any error or errors were committed in the proceedings to the injury of the accused.

We have examined the record, but find no error for which the sentence and judgment of the court below should be reversed.

We presume that the supposed error, for which this appeal was taken, is that the record does not show that a list of the jurors summoned for her trial, including the regular jury, and a copy of the indictment, were delivered to her at least one entire day before the day appointed for trial. But a sufficient answer to this is, that the record does not show that she was *in actual confinement.*—Rev. Code, § 4171.

As the record no where shows that she was *in actual confinement*, we can not, for the purpose of reversing the judgment, presume that she was. If any presumption is permissible, in such a case, it should be in favor of the regularity and correctness of the proceedings of the court below.

Let the sentence and judgment of the court be affirmed, and the clerk will certify the fact to the court below, that the sentence of said court may be carried into execution.